UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BELCAN, LLC,

    *Plaintiff*,

vs.

ADP, INC.,

    *Defendant*,

Case No. 1:23-cv-810

Judge Jeffery P. Hopkins

## OPINION AND ORDER

On November 7, 2023, Plaintiff Belcan, LLC ("Belcan"), filed this action in the Hamilton County, Ohio, Court of Common Pleas seeking to recover monetary relief from Defendant ADP, Inc. ("ADP") over its alleged errors and failure to properly perform payroll processing services that had been contracted for. Doc. 3. On December 13, 2023, ADP caused the matter to be removed to this Court based upon diversity jurisdiction. Doc. 1. ADP's Notice of Removal stated that ADP is a corporation organized under the laws of Delaware with its principal place of business in New Jersey, while vaguely stating that Belcan's "members and/or sub-members are not citizens of Delaware or New Jersey." *Id.*

At a preliminary pretrial conference held on March 13, 2024 (Doc. 9), the Court requested that the parties file diversity disclosure statements pursuant to Rule 7.1(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7.1(a)(2) (requiring parties in a removal action based upon diversity to file disclosure statements indicating the citizenship of "every individual or entity whose citizenship is attributed to that party"). By March 26, 2024, both parties had filed the disclosures required under Fed. R. Civ. P. 7.1(a)(2), and as had been

directed by the Court. Docs. 10, 11. This matter is now ripe for determination of whether the requirements for diversity jurisdiction have been met.

I.    LAW AND ANALYSIS

The party seeking removal bears the burden of proving the existence of federal subject matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir.2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* at 549–50. As the Sixth Circuit has further explained:

> The federal removal statute, codified at 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state. *See United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir.1992). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir.1993).

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

As noted, removal based on diversity jurisdiction "requires complete diversity between all plaintiffs on one side and all defendants on the other side," *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004), and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

When applying these rules, limited liability companies or LLC's fit into a rather unique category. In the case of an LLC, courts are required to look to the citizenship of its members and sub-members for determining whether there is complete diversity between all plaintiffs

on one side and all defendants on the other. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also B&N Coal, Inc. v. Blue Racer Midstream, LLC*, No. 19-4111, 2020 WL 9474311, at *1 (6th Cir. Dec. 2, 2020) (holding that commonality of citizenship between plaintiff and defendant's sub-member destroyed diversity of citizenship).

A corporation's citizenship, unlike an LLC's, is established by its state of organization and principal place of business. 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of the state "by which it has been incorporated" and "where it has its principal place of business"); *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994). ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

ADP removed this case based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1. However, upon closer review of the parties' Rule 7.1(a)(2) disclosures, the Court finds that ADP has not met its burden of proving federal subject matter jurisdiction. In its Rule 7.1(a)(2) disclosure, Belcan states that at least one of its sub-members is a New Jersey citizen for purposes of diversity jurisdiction. Doc. 11, PageID 186 ("As such, for purposes of diversity jurisdiction, [Belcan's sub-member] is a New Jersey citizen."). On the other hand, ADP, a corporation, has citizenship in both Delaware, the state of its incorporation, and New Jersey, its principal place of business. Doc. 10, PageID 182. Because Belcan and ADP are both citizens of New Jersey for purposes of federal subject matter jurisdiction, diversity of citizenship under 28 U.S.C. § 1332(a)(1) does not exist. As a result, complete diversity of citizenship both at the time that this case was commenced and at the time the notice of removal was filed did not exist. The Court finds it is without subject matter

jurisdiction to render a decision on this case. Accordingly, the case must be remanded to the Hamilton County Court of Common Pleas for lack of federal subject matter jurisdiction.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this matter is hereby **REMANDED** to the Hamilton County Court of Common Pleas for lack of federal subject matter jurisdiction.

**IT SO ORDERED**

April 18, 2024

Jeffery P. Hopkins
United States District Judge